UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 28 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-118-GWU

GOLDIE GRAY, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Goldie Gray brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Gray, a 46 year-old former cook helper, motel maid, laundry worker and kitchen helper with a "limited" education, suffered from impairments related to mild mental retardation, a depressive disorder and degenerative joint disease. (Tr. 14, 16, 23). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 23). Since the claimant would still be able to perform her past relevant work, she could not be considered totally disabled. (Tr. 23-24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Gray could return to her past work, the ALJ relied heavily upon the testimony of Vocational Expert William Ellis. Ellis reported that all of Gray's past work had been light in exertion and unskilled. (Tr. 267). The hypothetical question presented by the ALJ included such non-exertional

5

limitations as (1) third grade level literacy; (2) a restriction to unskilled work activity; (3) a need to avoid interaction with the public; and (4) a restriction to medium to low stress jobs. (Tr. 267-268). In response, the witness testified that all of Gray's past work could still be performed. (Tr. 268). The witness also identified a significant number of other jobs which could still be performed. (Tr. 268). Therefore, assuming that the vocational factors considered by Ellis fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ properly determined that Gray did not suffer from any physical impairments. Dr. Wendy French examined the plaintiff and opined that there was "no physical evidence for significant restriction in patient's ability to stoop, bend, reach, sit, stand, move about, lift, carry, handle objects or travel." (Tr. 162). Dr. Talmadge Hays, a treating physician, did not identify the existence of any physical limitations. (Tr. 193-198). Dr. James Ross, a non-examining medical reviewer, opined that the plaintiff's physical problems were "less than severe." (Tr. 238). These medical reports provide substantial evidence to support the administrative decision.

James Ausmus, the claimant's chiropractor, identified the existence of very severe physical restrictions. (Tr. 246). However, under the federal regulations at 20 C.F.R. Section 416.913, a chiropractor is not considered "an acceptable medical source" whose opinion is binding upon an ALJ. Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997). Thus, the ALJ could properly reject this opinion.

The ALJ also dealt properly with the evidence of record relating to Gray's mental condition. Psychologist Gary Maryman indicated that the plaintiff would be limited to jobs requiring only simple instructions with a need to avoid public

6

contact and restricted to medium to lower stress work. (Tr. 166-167). The hypothetical question essentially included these limitations. Psychologists Lea Perritt (Tr. 228-229) and Laura Cutler (Tr. 233-234), the non-examining medical reviewers, each indicated that the claimant would be "moderately limited" in understanding, remembering, and carrying out detailed instructions as well as interacting appropriately with the general public. The mental factors considered by Ellis were also compatible with these opinions. Gray's treating source at the Cumberland River Comprehensive Care Center did not identify more severe mental limitations than those presented to the vocational expert. (Tr. 168-192). Therefore, the hypothetical question also fairly characterized his mental condition.

Gray argues that the ALJ erred in concluding that she did not meet the requirements of Section 12.05(C) of the Listing of Impairments concerning mental impairments. This Listing requires a claimant to produce:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;

20 C.F.R. Part 404, Subpart P, App. 1, Section 12.05(C). The regulations further provide that: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22]." 20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05. Thus, to satisfy the requirements of Section 12.05(C), a claimant must demonstrate an IQ in the appropriate range which was manifested in the developmental period as well as another mental or physical impairment.

Intelligence testing administered by Maryman produced IQ scores within Listing range. (Tr. 166). The ALJ determined that these scores were valid and

7

noted that the scores were consistent with intelligence testing administered in 1972, during the developmental period. (Tr. 16). Thus, the only contested issue concerns whether another mental or physical impairment exists.

The plaintiff asserts that the findings of Dr. French, Dr. Hays and chiropractor Ausmus all support the existence of a physical impairment which would impose additional restrictions upon her. However, as previously noted, Dr. French specifically found no physical restrictions, Dr. Hays did not identify any limitations and Ausmus was not an "acceptable medical source." Therefore, the Court finds that the ALJ acted properly in finding that this portion of the Listing was not met.[1]

Gray also asserts that a second mental impairment is present in addition to mild mental retardation which satisfies the Listing.[2] Maryman diagnosed a depressive disorder. (Tr. 167). Maryman attributed the limitations concerning simple work and the need to avoid the public to the plaintiff's intelligence level, rather than her depressive disorder. (Tr. 166-167). The examiner did not relate the restriction concerning stress to either problem. (Tr. 167). Either condition might reasonably be considered a cause and the plaintiff had the burden of proving she met the Listing. Furthermore, the plaintiff's treating source at Cumberland River indicated that her only functional impairment related to

---

[1] The ALJ's finding that degenerative disc disease was a "severe" impairment, might suggest that the Listing was satisfied. However, In view of the medical record, this would appear to have been a gratuitous finding.

[2] The ALJ's finding that a depressive disorder was a "severe" impairment, might suggest that the Listing was satisfied. However, in view of the medical record, this appears to have been a gratuitous finding.

8

cognitive/intellectual functioning. (Tr. 189). This opinion clearly supports the administrative decision. Finally, neither Perritt (Tr. 199-212) nor Cutler (Tr. 213-227) thought that a Listing section had been satisfied. Therefore, the Court must reject the claimant's argument.

Gray also asserts that the ALJ erred in finding that her past jobs constituted "past relevant work." She argues that her past earnings never rose to the levels required under the Listing to constitute "substantial gainful activity." However, the defendant noted that the plaintiff's earnings record for 1999 reveals earnings of $7,716.32 and $4,508.48 for the last six months. (Tr.64). These totals indicate monthly earnings above the presumption for establishing substantial gainful activity. 20 C.F.R. Section 416.974(b)(2). Furthermore, the administrative regulations state that a job only needs to be held during the past 15 years, constitute "substantial gainful activity," and be held long enough for a person to learn the job to be considered "past relevant work." 20 C.F.R. Section 416.960(b)(1). "Substantial gainful activity" is defined as work requiring significant mental or physical activity that is usually done for pay or profit. 20 C.F.R. Section 416.972. The claimant has not presented any arguments as to why these past jobs would not meet these requirements. Therefore, the Court must reject Gray's argument.

Gray has also raised issues concerning whether she could perform the alternative jobs cited by Ellis. Since she was properly found to be able to return to her past relevant work, the undersigned has no need to reach these issues.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

9

entered simultaneously consistent with this opinion.

    This the \_\_\_28\_\_\_ day of July, 2005.

                                                G. WIX UNTHANK
                                                SENIOR JUDGE